Hinkley and another vs. Grafton Hall.

---

HINKLEY and another, Appellants, vs. GRAFTON HALL, Respondent.

*October 12 — November 1, 1898.*

*Mechanic's lien: Time for filing notice: Building contract: Waiver: Condition precedent.*

1. Where, by the terms of a building contract, it is to terminate when the building is enclosed, the time for filing the notice of lien prescribed by sec. 3318, R. S. 1878, commences to run from that time.
2. But where such contract provides that it shall terminate at a fixed date unless the owner shall give the builder written notice to continue, the parties may waive such notice either by parol or by their conduct.
3. Where the building was not completed at the date fixed, and the builder went on to complete it, without any written notice but without any objection on the part of the owner, *held*, that such notice had been waived, and that all the work was done under the contract, and that the builder was not entitled to a lien unless he finished the job as required by the contract, and complied with the conditions thereof.

APPEAL from a judgment of the circuit court for Fond du Lac county: N. S. GILSON, Circuit Judge. *Affirmed.*

For the appellants there was a brief by *Duffy & Mc-Crory*, and oral argument by *J. H. McCrory*.

*Edward S. Bragg*, of counsel, for the respondent.

CASSODAY, C. J.   It appears from the record that June 1, 1895, the plaintiffs, as copartners, entered into an agreement with one Charles C. Grafton, bishop of the diocese of Fond du Lac, wherein and whereby the plaintiffs, in effect, agreed to furnish all the material and perform all of the work required in the construction and erection of a stone and brick seminary building for the defendant, a corporation known as *Grafton Hall*, on Sophia street, in Fond du Lac, and to do everything necessary and required to be done in, to, and about the same, according to the plans and specifications made for the same by Conover & Porter, architects, dated May 31, 1895; that all work should be executed in a thorough, complete, and workmanlike manner, and agreeably to such directions as might be given from time to time by Conover & Porter through their local superintendent, and to such superintendents' full and entire satisfaction, without reference thereof to any other person; that, if any alterations should be made, such alterations should not vacate the contract, but the value thereof should be ascertained and added to or deducted from the sum therein mentioned, to be completely finished and delivered up to Mr. Grafton, clean and in good order for use, and inclosed, by December 1, 1895, and finished, if so ordered, April 1, 1896; that all matters of difference between the parties should be judged of, determined, and adjusted solely by the superintendents; that if the plaintiffs should neglect or refuse to carry on the work with such dispatch as should be thought necessary by the superintendents to complete the same by the time mentioned, or should neglect or refuse to furnish such material for or to do the work as by the superintendents directed, it should be lawful for Mr. Grafton or his superintendents to employ

such other person or persons as he should think fit or necessary to furnish such unprovided material, or to finish any of such unfinished work, after having given notice in writing to the plaintiffs, and that the plaintiffs and their sureties should be held liable therefor; that no payment should be construed as an acceptance of the work executed and materials furnished; that, in consideration of the faithful performance by the plaintiffs, Mr. Grafton thereby agreed to pay to the plaintiffs, on the certificate of the superintendents, $30,373, to wit, ninety per cent of the proportionate value of the work done monthly as the work progressed, on the estimates of the superintendents; and the remaining ten per cent., together with all other sums, if any, due on the contract, on the completion and acceptance of the entire work as therein contracted for, or as soon thereafter as Mr. Grafton should be satisfied that the work was completed and assured against the existence of mechanics' liens on the building; that unless notified in writing to complete the work on or before October 1, 1895, the work under the contract should be terminated with inclosing the building as specified in the specifications of modifications attached, and a settlement made upon the basis of the amended propositions of the plaintiffs and Joseph Hutter; that, by the propositions thus referred to, Joseph Hutter was to do all the mason work, lathing, and plastering, and to receive therefor out of the sum mentioned $15,781, and that the plaintiffs should have the balance, to wit, $14,502.

On June 7, 1897, the plaintiffs commenced this action. The plaintiffs in their complaint alleged two causes of action. The first cause of action is to the effect that the written contract terminated when the building was inclosed, December 1, 1895, by reason of Mr. Grafton's failure to give the plaintiffs written notice on or before October 1, 1895, as prescribed by the contract, and claiming a balance due to them under the contract, and upon settlement made upon

the basis of the proposition between the plaintiffs and Hutter of $1,132.93, of which sum $780 was the percentage retained until the building should be completed as per contract, and $112.93 was for extra work and materials furnished, and not included in the plans and specifications, and $240 for -material, labor, and services furnished and rendered prior to January 31, 1896, which were reasonably worth and of the actual value of $240, making in all $1,132.93. For a separate cause of action the plaintiffs, as partners, allege, in effect, that between January 21, 1896, and October 31, 1896, at the special instance and request of the defendant corporation, the plaintiffs sold and delivered material and furnished labor and services in the erection and construction of said building on the premises therein described, which materials so furnished were actually used in the construction of said building, and were of the value and reasonably worth $5,118.58; that between the dates last aforesaid, at the special instance and request of the defendant, the plaintiffs furnished labor upon the said building of the actual amount and value of $3,272.51; that during the same time the plaintiffs, at the special instance and request of the defendant, rendered services for the defendant in the management, completion, and finishing of the building which were reasonably worth $1,681.85; that during the same time the plaintiffs, at the special instance and request of the defendant, furnished tin sheet and metal work for the building which was reasonably worth $39.13, making in all $10,112.07; that of that sum there was still due and owing to the plaintiffs from the defendant, over and above all payments made on account of the work and materials and services mentioned, the sum of $3,955.45, with interest thereon from October 31, 1896. The complaint further alleged facts from which the plaintiffs claim that they were entitled to a lien upon the building and premises described for the respective balances claimed as due upon each of such causes of action.

The defendant answered by way of admissions, denials, and counter allegations, claiming, in effect, that all materials furnished and all labor and services rendered and performed by the plaintiffs were so rendered and performed by them under the contract, and not otherwise; that the plaintiffs had never in fact performed that contract, but neglected and failed to perform the same in several particulars therein mentioned; that at and before the time required for the notice to be given to the plaintiffs they were fully advised and notified of the fact that Mr. Grafton had funds sufficient for the completion of the building, and requested them to go on and complete the contract, and specifically waived the technical written notice, and continued in the fulfillment of the contract, being governed by it in all things, and fully recognized the binding force of the same up to the date of the last work done, October 31, 1896; that there never was any termination of the contract by reason of want of such notice; that the final acceptance of the work and closing of the contract was a condition precedent to any right of action under it; that during 1897 Mr. Grafton had paid lienable claims on the building for materials furnished to the plaintiffs, and by them used thereon, to the amount of $1,684.75; that there were other lienable claims against the building for materials furnished to the plaintiffs and used thereon.

The cause was thereupon tried, and at the close of the trial the court found as matters of fact, in effect, that all of the work, labor, and materials alleged in the complaint to have been done and furnished for the use and benefit of the defendant were done under and by virtue of the contract dated June 1, 1895, between Mr. Grafton and the plaintiffs; that the plaintiffs have neglected to perform the conditions precedent in the contract to the bringing of any action, in this: that they have not freed the building from liens for materials charged thereon, and that they have not

procured from the superintendents of the work final certificates stating whether any portion of the contract price still remained due and unpaid upon the contract of the plaintiffs; that there was no evidence tending to show that any such certificate had been called for by the plaintiffs to show the completion of the work, or that any such certificate had been withheld through any mistake or fraud or wrong; that at the time the plaintiffs ceased work as alleged in the complaint there remained work not complete, under the contract, that was reasonably worth $487.80 to complete the same, and that the plaintiffs have not completed the same or any part thereof; that there had been paid to the plaintiffs upon the contract for the work and labor done under the contract the sum of $29,004.27, independent of all payments which might have been made for extras, if any such extras had been adjusted, and that the plaintiffs failed to present any statement of an adjustment for extras for work or material by the superintendents which had not been satisfied and discharged; that at the time of the commencement of this suit there was, and still is, an outstanding claim for lumber and material furnished by the Moore & Galloway Lumber Co., Limited, to the plaintiffs, and which became a part of the building, amounting in value to $1,621.44, with interest from December 27, 1896; that such material was furnished by Moore & Galloway Lumber Company to said plaintiffs for said purpose between November 30, 1895, and October 27, 1896, and that the Moore & Galloway Lumber Company gave notice of their claim for lien within the time and in the manner stated as required by statute, and filed their lien against the property described in the complaint February 23, 1897, and August 24, 1897, commenced their action thereon to enforce the same, which is still pending; that the plaintiffs did their last work and furnished their last materials under the contract for the building October 31, 1896, and filed their lien founded upon claim for

such labor and material April 23, 1897; that the building is upon the property therein described.

And as conclusions of law the court found, in effect, that the defendant was entitled to have the complaint of the plaintiffs dismissed, and to have the lien of the plaintiffs so entered and filed in the office of the clerk of the circuit court upon the property so described canceled by the judgment in this action, and by the clerk in the record of liens kept in his office; that the defendant is entitled to recover judgment for its taxable costs and expenses in this action.

From the judgment entered thereon accordingly the plaintiffs appeal.

The theory of counsel for the plaintiffs seems to be that the written contract was absolutely terminated when the building was inclosed December 1, 1895, by reason of the failure of Mr. Grafton to notify the plaintiffs in writing on or before October 1, 1895, to go on and complete the work. If that theory were to prevail it is very obvious that the plaintiffs could have no lien for any work or services rendered or materials furnished under the contract, as the claim for a lien was not filed until April 23, 1897,— more than sixteen months after such termination. R. S. 1878, sec. 3318. The provision in the contract that it should terminate when the building should be inclosed, unless Mr. Grafton notified the plaintiffs, in writing, on or before October 1, 1895, to go on and complete the work, was apparently made for the sole benefit of Mr. Grafton. As the plaintiffs received no such notice, they might undoubtedly have quit work when the building was so inclosed, without subjecting themselves to damages. But they did not quit, and Mr. Grafton made no objection to their continuing work under the contract, and in fact he acquiesced in and consented to such continuance. According to the findings, all the work and services performed and rendered by the plaintiffs, and all the materials furnished by them, were so rendered, performed, and fur-

nished under the written contract, and not otherwise. The court finds that the plaintiffs did their last work and furnished their last material under the contract October 31, 1896. There is plenty of evidence to sustain such findings. Certainly, Mr. Grafton and the plaintiffs had the power to waive such written notice by parol or conduct. *Renier v. Dwelling House Ins. Co.* 74 Wis. 89, 96–99. From the facts admitted, as well as the findings of the court, it is manifest that they did effectually waive such written notice by their conduct and dealings in respect to such work, services, and material before as well as after the building had been inclosed. The plaintiffs never completed the job as required by the contract, and never performed the conditions precedent to bringing the action, as therein prescribed, and hence have no right to maintain this action. Besides, the amount paid to the plaintiffs, with the outstanding liens created by them, is more than the contract price. We find no error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.